**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Khalil Alawamri,<br><br>                                  *Plaintiff*,<br><br>    -against-<br><br>S.V.B. Corp.; and Iftikhar J. Ahmad,<br><br>                                 *Defendants*. | Index No.<br><br>**COMPLAINT** |

Khalil Alawamri ("Plaintiff") by and through their attorney, Mohammed Gangat, Esq., file this Complaint for damages and other legal and equitable relief against Defendants S.VB. Corp., and Iftikhar J Ahmad (collectively, "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that Defendants flagrant and willful actions violated his rights guaranteed to him by (i) the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (ii) the minimum wage, and overtime and spread-of-hours provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142 *et seq.*; (iii) the requirement that Defendants pay Plaintiff in accordance with the agreed upon terms of employment, NYLL § 190, et seq.; (iv) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (v) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); and (vi) the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

## THE PARTIES

2. Plaintiff was, at all relevant times, an adult individual residing in Bronx, New York, and a citizen of New York.

3. Throughout the relevant time period, Plaintiff performed work for Defendant at a worksite located in Bronx, New York.

4. Defendant S.V.B. Corp., is and was, at all relevant times herein, is a domestic limited liability company, organized and existing under the laws of the State of New York.

5. According to the New York Department of State Records entry for Defendant S.VB. Corp., the company maintains its principal executive office and service of process address at 1718 White Plains Rd, Bronx, New York 10462.

6. Defendant Ifthikar J. Ahmed, is an adult individual and is the chief executive officer of S.VB. Corp. Upon information and belief, Defendant Ispikhar J. Ahmed is a resident of the State of New York.

## JURISDICTION AND VENUE

7. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statue of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

8. Venue is based upon 28 U.S.C §1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

9. Defendants are subject to personal jurisdiction in New York as they do business

in New York.

## FACTS

10. At all relevant times, Plaintiff was an "employee" within the meaning of NYLL §190(2) and a "manual worker" within the meaning of NYLL §190(4).

11. Defendants were and are covered "employers" within the meaning of the NYLL §190(3).

12. Plaintiff was employed by Defendant Iftikhar J. Ahmad beginning on or about January 14, 2020, and has worked for the Defendants continuously through on or about March 2022.

13. During his employment, Plaintiff worked for Defendant in their building located at 1718 White Plains Road, Bronx, New York, 10462.

14. Defendant Iftikhar J. Ahmad required Plaintiff to work very long hours. He usually worked seven days per week, starting at 6am in the morning, and occasionally even earlier than that. He would conclude his workday typically around 5pm but sometimes later than that.

15. During his employment, Plaintiff regularly performed manual tasks during the majority of work hours. Over twenty-five percent of Nino's duties were physical tasks, including but not limited to: (1) packing, loading, and unloading trucks and pallets, (2) cashier, (3) providing customer service and (4) store maintenance.

16. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff has been compensated by Defendants on a bi-weekly basis.

17. Throughout his employment, Plaintiff suffered an underpayment of wages each pay period because Defendant failed to pay wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL

§191.

18. By withholding the wages due and owing to the Plaintiff, Defendants deprived the Plaintiff of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education, daycare or childcare, public transportation, and other basic living expenses. Further, the earned wages were not available to Plaintiff to invest and grow, save or accumulate interest.

19. Defendant Iftikhar failed to provide Plaintiff with any wage statements that reflected the number of hours he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

20. Defendant Iftikhar did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

21. Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

22. Upon information and belief, Defendants, at the time of hire, failed to give the Plaintiff a wage notice that conforms with New York law.

23. Defendants failed to give the Plaintiff a wage statement with every payment of wages.

24. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

## FIRST CAUSE OF ACTION

*Violations of the Federal Fair Labor Standards Act-Failure to pay OVERTIME*

25. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

28. At all relevant times, upon information and belief, Defendants were and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

30. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the required rate of time and one- half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

31. Here, Defendant failed to pay overtime as required because he worked a regular schedule of forty hours per week and occasionally worked over 50-hour workweek but was generally scheduled to work Monday through Sunday, from 6:00AM till 4:30PM.

32. Defendants failed to pay overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

33. Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiff overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

34. Defendants have failed to make, keep and preserve records with respect to each of the Plaintiffs sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

37. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

38. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

*Violations of the New York State Labor Law-* **Failure to Pay Minimum Wage**

39. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

40. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

41. The minimum wage provisions of Article 19 of the New York Labor Law and its

supporting regulations apply to Defendants.

42. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

43. Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, by failing to pay Plaintiff wages in accordance with their agreed upon terms of employment. Specifically, Defendants failed to compensate Plaintiff at his regular rate of pay for certain hours that he worked in accordance with the agreed upon terms of employment

44. Through their knowing or intentional failure to pay Plaintiff in accordance with the agreed upon terms, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

45. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

46. Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

47. Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### **THIRD CAUSE OF ACTION**

*Violations of the New York State Labor Law-Failure to Pay Overtime*

48. Pursuant to NYLL, and in relevant part, " An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in…" NYLL § 142-2.2.

49. Defendant knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

50. Here, Defendant failed to pay overtime as required because he worked a regular schedule of forty hours per week and occasionally worked over 40-hour workweek and was generally scheduled to work Monday through Sunday, from 6:00AM till 4:30PM.

51. Due to Defendants' New York Labor Law violation, Plaintiff is entitled to recover from Defendants the difference between actual wages received and the amounts that were owed under the New York Labor law. The deficiency accounts for all unpaid minimum wages, unpaid overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 663(1), 191(1), 198.

## FOURTH CAUSE OF ACTION

**Violation of New York Labor Law-Failure to Pay Spread of Hours Pay**

52. "Spread of Hours" is defined as follows: "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." (NYLL § 142-2.18)

53. New York Labor Law provides that employers are required to pay a "spread of hours" of one (1) additional hour's pay at the basic minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

54. Here, Plaintiff worked seven days a week Monday through Sunday from 6:00 AM till 4:30PM.

55. Defendant failed to pay "spread of hours" premium to Plaintiff for each day worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

56. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, unpaid spread of hours compensation, maximum liquidated damages, prejudgment interest, and attorneys' fees and costs of the action, pursuant to NYLL § 663(1).

## FIFTH CAUSE OF ACTION

### *Violations of the New York State Labor Law*- Failure to Timely Pay Wages

57. Plaintiff was employed as a manual worker as defined by the NYLL.

58. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

59. Defendants failed to pay Plaintiff his wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

60. Defendants' violations of the NYLL have been willful and intentional.

61. Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## SIXTH CAUSE OF ACTION

### *Violation of New York Labor Law*- Failure to Provide Wage Notices

62. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1).

63. Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL

§195(1).

## SEVENTH CAUSE OF ACTION

*Violation of New York Labor Law-* **Failure to Provide Wage Statements**

64. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

    a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

    b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

    d. All damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

    e. Declaring Defendant's violations of the FLSA and NYLL were willful;

    f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      g.      Awarding Plaintiff his costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      h.      Awarding punitive damages;

      i.      Pre-judgement and post-judgement interest, as provided by law;

      j.      Awarding such other and further relief as available under the statues; and

      k.      Granting Plaintiff other and further relief as this Court finds necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated:  New York, NY
         October 17, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810,
New York, NY 10017
mgangat@gangatpllc.com
718-669-0714
*Attorneys for Plaintiff*